UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00080-MOC

| DAVID MEYERS, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | **ORDER** |
| FNU MARSHALL, et al., | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4].

**I.   BACKGROUND**

Pro se Plaintiff David Meyers ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. On or about June 2, 2023, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. [Docs. 1, 1-1]. Plaintiff names the followings Alexander officials as Defendants in their official capacities only: (1) FNU Marshall, Americans with Disabilities Act (ADA) Coordinator; (2) FNU Cox, Medical Department Supervisor; (3) FNU LNU, "Supervisor of Mailroom – Mail Clerks;" (4) FNU Yow, "SRG – Intel Officer and Mail Clerk;" (5) FNU Young; (6) FNU Jackson, Chief Psychiatrist and Mental Health Psychologist; (7) FNU Hester, Captain; and (8) FNU LNU, Warden. [Doc. 1 at 1-3].

By way of summary only, Plaintiff alleges as follows. From April 27, 2023 to May 30, 2023, Plaintiff submitted 31 ADA accommodation requests and was denied the requested services,

including a safe wheelchair, a shower chair, a handicap transport van, a handicap cell, head phones, and a vibrating watch. As a result, Plaintiff was not allowed to shower during that time and was forced to defecate in his hand because he was unable to transport himself to the toilet without handicap rails. During the same timeframe, Defendants Jackson and Cox refused to contact Plaintiff's previous places of incarceration to obtain Plaintiff's medical records and denied Plaintiff his anti-psychotropic medications, including Elavil, "Nuerontin," and Celexa. Finally, on May 29, 2023, Defendants Hester, Yow, Young, "all mailroom staff," and "all the prison staff" … "seized the 2 legal letters and false alleged they were'nt legal mail and refuse to put postage on the 2 legal mail letters." [Id. at 4-5 (errors uncorrected)]. In his Complaint, Plaintiff claims he is "in imminent danger [because] the Defendants refuse to give [him] his breathing machine that assists [him] with breathing nor will they give [him his] asthma inhaler." [Id. at 8].

Plaintiff failed to pay the filing fee or submit a motion to proceed in forma pauperis with his Complaint. As such, the Clerk mailed Plaintiff a Notice of Deficiency, advising Plaintiff that he must either pay the filing fee or file an application to proceed without prepayment of the filing fee ("IFP Application") within 21 days of the Clerk's Order. [Doc. 2]. On June 30, 2023, Plaintiff filed a completed IFP Application attesting to his indigency and also claiming to be in imminent danger. [Doc. 4]. Relative to his claim of imminent danger, Plaintiff restates allegations in his Complaint regarding the denial of ADA accommodations. He also claims that all his property, including religious and legal property, have been taken "to tamper with [him] as a witness and intimidate [him] as a witness," and that "Defendants are going to have the Russian military bomb [his] cell and false allege that the organized crime networks crimelords [he's] litigating against in the DC court killed [him]." [Id. at 1-5 (errors uncorrected)]. Plaintiff also claims that, on June 13, 2023, various Alexander officials left Plaintiff in handcuffs, waist chain restraints, and leg

2

restraints in his cell for 30 minutes so he "would fall and seriously injure [himself]." Plaintiff claims that on the same day Alexander officials left him so restrained in his cell from 8 a.m. to 3 p.m. to intimidate Plaintiff as a "PREA complaint victim and witness concerning [his] PREA complaints filed on the 2 Foothills Correctional Institute Transportation officers raping [him] and cutting [his] neck in a wooded area" in Conover, North Carolina on April 27, 2023. Finally, Plaintiff claims that various Alexander officials "are taking [him] to secluded area in this prison to kill [him], and malicious wound [him] and Lieutenant Moss made threats to rape and kill [him]" on June 12, 2023. [Id. (errors uncorrected)].

## II. DISCUSSION

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without." Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020). In 2020, the Fourth Circuit held that Plaintiff has had three or more prior cases dismissed for being frivolous, malicious, or failing to state a claim upon which relief can be granted. Meyers v. Comm'r of Soc. Sec. Admin., 801 Fed. App'x 90, 91 (4th Cir. 2020). A brief review of Plaintiff's litigation history in the Middle District of North Carolina and the Eastern and Western Districts of

3

Virginia confirms that Plaintiff is subject to 28 U.S.C. § 1915(g). See, e.g., Meyers v. Brown, No. 2:20cv70 (E.D. Va.), Doc. 68 (collecting cases).

Plaintiff, therefore, must show that he is under imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "the imminent danger 'must exist at the time the complaint … is filed, not when the alleged wrongdoing occurred,' and the prisoner "must allege 'ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Meyers v. Clarke, 767 Fed. App'x 437, 439 (4th Cir. 2019) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). Moreover, "allegations of imminent danger in the IFP application must have some nexus or relation to those of the underlying complaint." Meyers, 801 Fed. App'x at 96.

> A plain reading of [§ 1915(g)] requires that litigants allege sufficient specific facts to demonstrate a nexus between the claims presented and the imminent danger alleged…. Indeed, because the "imminent danger" exception to the PLRA was intended to be a "safety valve" to the three strikes provision, petitioner[s] must sufficiently allege a connection between the "imminent danger" they are facing and claims in their complaint to allow the district court to grant IFP status.

Hall v. United States, 44 F.4th 218, 230-31 (4th Cir. 2022) (internal citations omitted).

Recently, this Court dismissed a Complaint filed by Plaintiff where he sought to proceed without paying the filing fee because he "fail[ed] to plausibly allege any facts supporting" application of the imminent danger exception. [Case No. 123:cv-123-GCM, Doc. 7]. In that case, Plaintiff alleged a series of highly incredulous events he claimed were perpetrated by officials at Foothills Correctional Institution ("Foothills") on April 27, 2023, after they "illegally re-kidnapped" Plaintiff, which is one of the events Plaintiff alleges in his imminent danger claim in the instant case. Plaintiff also vaguely claimed that "all" NCDAC inmates are threatening his life. [Id., id. at 4]. In dismissing Plaintiff's Complaint, the Court noted that "Plaintiff's past filings in

4

this Court and others plainly demonstrate that Plaintiff is delusional and under no threat of imminent danger." [Id., id.].

Plaintiff here again fails to plausibly allege any facts supporting application of the imminent danger exception. Plaintiff continues to claim that prison officials are conspiring to kill and rape him and have kidnapped him. He now also claims that Defendants are going to have the Russian military bomb his cell and blame it on an organized crime network and that Alexander prison officials left Plaintiff restrained in his cell to intimate him and so he would fall and injure himself. Nothing in these allegations "evidence[es] the likelihood of imminent serious physical injury.'" Meyers, 767 Fed. App'x at 439. Rather, they continue to evidence that Plaintiff is delusional. Plaintiff also alleged that he is in imminent danger because Defendants will not give him his "breathing machine" or asthma inhaler. Even if true, Plaintiff has not shown that the denial of his "breathing machine" and inhaler places him in danger of imminent serious physical injury and there is no nexus between the allegations of Plaintiff's Complaint and this claim of imminent danger, in any event. Because Plaintiff is subject to the requirements of § 1915(g), which he has not satisfied, the Court will dismiss Plaintiff's Complaint.

**Plaintiff is strongly cautioned that repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit Plaintiff's ability to file further lawsuits in this Court.**

## III. CONCLUSION

In sum, the Complaint will be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g) and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs will be denied. Accordingly, the Court will vacate the Clerk's Order for Prisoner Trust Account Statement [Doc. 5] as moot.

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's payment of the full filing fee pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 4] is **DENIED** and the Clerk's Order for Prisoner Trust Account Statement [Doc. 5] is **VACATED.**

The Clerk is further instructed to add this case to the Plaintiff's Filer Status Report in CM-ECF and to close this case.

Signed: July 31, 2023

Max O. Cogburn Jr.
United States District Judge